UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**GREGORY LEE LASSITER, #1263655,**

        Petitioner,

v.                                  Civil Action No. 2:18cv44

**HAROLD W. CLARKE, Director**
**Virginia Department of Corrections,**

        Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and referred to the undersigned pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure. Because the petition contains both exhausted and unexhausted habeas claims, the undersigned recommends it be dismissed without prejudice to permit Lassiter to first present his unexhausted claims to the Virginia courts as required by federal law.

### I. STATEMENT OF THE CASE

On June 23, 2016, petitioner Gregory Lassiter pled guilty, to robbery, identity theft, and credit card theft, pursuant to a

1

plea agreement. See Lassiter v. Virginia, No. 1743-16-1 (Va. Ct. App. May 3, 2017).[1] The court sentenced him to a total of fifty years of imprisonment with thirty-two years suspended, for a total period of eighteen years active incarceration. Id.

Lassiter appealed his sentence to the Virginia Court of Appeals arguing that the trial court erred by exceeding the sentencing guidelines. The Court of Appeals denied his appeal in a per curium opinion on May 3, 2017, and the Supreme Court of Virginia refused his appeal on December 15, 2017. Lassiter v. Virginia, No. 170754 (Va. Dec. 15, 2017) (ECF No. 12-2); Lassiter v. Virginia, No. 1743-16-1 (Va. Ct. App. May 3, 2017) (ECF No. 12-1).

On January 23, 2018, Lassiter, proceeding pro se, filed this federal petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, alleging two claims for relief:

> (1) ineffective assistance of counsel because counsel allegedly told Lassiter that he would be sentenced within the guidelines if he accepted the plea agreement; and

---

[1] Because of Lassiter's pending habeas corpus petition in the Supreme Court of Virginia, the Respondent did not forward the original record of Lassiter's state proceedings; Respondent only attached copies of the orders and briefs from Lassiter's appeals to the Court of Appeals and Supreme Court of Virginia as Exhibits 1 and 2 of their Brief supporting the Motion to Dismiss (ECF Nos. 12-1 & 12-2). The copies attached and publicly available records are sufficient for the court to resolve the pending motion to dismiss. (ECF No. 12 at 4).

2

> (2) the trial court abused its discretion by sentencing Lassiter above the sentencing guideline range.

Pet. (ECF No. 1 at 6 & 8). Records also show Lassiter filed a writ of habeas corpus in the Supreme Court of Virginia on January 31, 2018, Pet., Lassiter v. Clarke, No. 180201 (Va. Jan. 31, 2018), but the Respondent asserts he has not received a copy of that petition or been ordered to respond.

Regarding Lassiter's federal petition, the Respondent filed his Rule 5 Answer and Motion to Dismiss (ECF No. 10 & 11), along with a brief in support (ECF No. 12). The motion contends that Lassiter's ineffectiveness claim is unexhausted and that avenues to exhaust the claim are still available through the Virginia petition. Accordingly, the Respondent contends dismissal without prejudice is the appropriate disposition. Lassiter has not responded to the motion, which is ripe to resolve.

## II. RECOMMENDED FINDINGS OF FACT AND CONCLUSIONS OF LAW

Habeas petitions filed pursuant to 28 U.S.C. § 2254 challenge a state's custody over a petitioner on the grounds that such custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before applying for federal habeas relief, however, a petitioner must first exhaust the remedies available in state court or demonstrate the

absence or ineffectiveness of such remedies. 28 U.S.C. § 2254(b)(1). Therefore, before a state prisoner can apply for federal habeas relief, he must first give the state court an opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997); see also Picard v. Connor, 404 U.S. 270, 275-76 (1971).

Of the two claims in Lassiter's federal habeas petition, only one is clearly exhausted. Lassiter appealed his sentencing based on the claim that the trial court erred by exceeding the sentencing guidelines. His appeal was denied by the Virginia Court of Appeals and refused by the Supreme Court of Virginia. As a result, Claim 2 in Lassiter's federal petition is exhausted.

Lassiter also asserted a claim of ineffective assistance of counsel in this court, but he has not properly exhausted that claim in the state court. Lassiter must either exhaust his available state remedies, or demonstrate the absence or ineffectiveness of such remedies before petitioning for federal habeas relief. The exhaustion requirement requires that

4

Lassiter give "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing." Breard, 134 F.3d at 619. "The burden of proving that a claim is exhausted lies with the habeas petitioner." Id. at 618. The exhaustion requirement is satisfied if the prisoner seeks review of his claim in the highest state court with jurisdiction to consider it through either direct appeal or post-conviction proceedings, see O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999), and the "essential legal theories and factual allegations advanced in the federal court [are] the same as those advanced at least once to the highest state court," Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993).

In this case, Lassiter has not yet received a final judgment on his ineffective assistance of counsel claim, and is not precluded from filing a state petition for that claim. In fact, his pending writ of habeas corpus before the Supreme Court of Virginia may include his ineffective assistance of counsel claim. Because Lassiter has a "possible avenue of state court review" to pursue the ineffectiveness claim alleged in this petition, it is unexhausted. See O'Sullivan, 526 U.S. at 844.

When a petitioner has exhausted one claim in state court, but not another, the Court should dismiss the action without

5

prejudice so that the petitioner can exhaust the unexhausted claim. See Burton v. Stewart, 549 U.S. 147, 153-54 (2007) (citing Rose v. Lundy, 455 U.S. 509 (1982)). Leaving a partially exhausted petition pending in federal court is rarely appropriate. See Turner v. Kelly, No. 3:11cv167, 2011 WL 2560224, at *2 (E.D. Va. June 28, 2011) (denying the petitioner's motion to stay because "stay and abeyance should be available only in limited circumstances . . . when the district court determines there was good cause for the petitioner's failure to exhaust" and the petitioner had time to file his federal habeas petition after the state proceedings); cf. Johnson v. Johnson, No. 2:07cv358, 2008 WL 4192715, at *3 (E.D. Va., Sept. 10, 2008) (discussing prior dismissal of habeas claim because unexhausted claim of actual innocence was before the Virginia Court of Appeals).

In this case, Lassiter has filed his federal habeas petition alleging a claim of ineffective assistance of counsel before giving the Supreme Court of Virginia the first opportunity to consider his claim, and he has not presented good cause for his failure to exhaust. From the record, it appears he has ample time to exhaust state remedies. Because Lassiter failed to exhaust his ineffectiveness claim, the Respondent has not addressed its merits. Accordingly, the undersigned

recommends that Lassiter's Petition (ECF No. 1) be dismissed without prejudice so he can refile once he has exhausted his ineffective assistance of counsel claim in state court.

### III. RECOMMENDATION

Because Lassiter's petition presents both exhausted and unexhausted claims, and he has a state remedy available to assert his claim of ineffective assistance of counsel, the undersigned recommends that Respondent's Motion to Dismiss be GRANTED, and Lassiter's petition for writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED without prejudice at this time.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk any written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.


2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir.1984); United States v. Schronce, 727 F.2d 91 (4th Cir.1984).

The Clerk shall mail a copy of this Report and Recommendation to the Petitioner and provide an electronic copy to counsel of record for the Respondent.

/s/
Douglas E. Miller
United States Magistrate Judge

———————————————————
DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

April 18, 2018

CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to:

**Gregory Lee Lassiter**
1263655
Greensville Correctional Center
901 Corrections Way
Jarratt, VA 23870

And an electronic copy provided to:

**Lauren Catherine Campbell**
Office of the Attorney General (Richmond)
202 North 9th Street
Richmond, VA 23219

Fernando Galindo,
Clerk of Court

By: _____
Deputy Clerk

Apr/18 , 2018

9